# THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-60259
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2016

Lyle W. Cayce
Clerk

JOHN ERICK ODHIAMBO; SUSAN AOKO ODHIAMBO; MIKELOVELY
OTIENO ODHIAMBO; DARYLL OMONDI ODHIAMBO,

Petitioners

v.

LORETTA LYNCH, UNITED STATES ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A094-075-450
A097-683-087
A097-683-095
A097-871-657

————

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

John Erick Odhiambo (Odhiambo), his wife, Susan Aoko Odhiambo, and two of his children, Mikelovely Otieno Odhiambo and Daryll Omondi Odhiambo, natives and citizens of Kenya, filed a timely petition for review of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60259

the Board of Immigration Appeals' (BIA's) dismissal of their appeals of the immigration judge's (IJ's) denial of their applications for asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT).  The BIA consolidated the cases and issued one decision.  The BIA noted that all of the claims were based on the persecution claims of Odhiambo.

The BIA affirmed the IJ's conclusion that the applications for asylum were untimely.  The Odhiambos abandon the issue here by not briefing it.  *See Justiss Oil Co. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996).

The IJ also concluded Odhiambo and his wife were not credible witnesses.  The BIA did not address the credibility finding but considered that all of the testimony was credible in addressing the appeal.  Accordingly, we will not consider the challenge to the IJ's credibility ruling because the BIA did not consider it.  *See Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011), *cert denied*, 132 S. Ct. 2772 (2012).

"Withholding of removal is a higher standard than asylum."  *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Concerning withholding of removal, petitioners claim the denial is not supported by substantial evidence.  Under the substantial-evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it".  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).

Odhiambo testified he suffered persecution, the standard for asylum, when he visited his village in 1997 and 1999.  He stated that, in 1997, he was threatened and was locked in a house as it was set on fire, though he was able to escape.  In 1999, his brother's house was burned after Odhiambo left the village.  Odhiambo testified that neither he nor his family were physically harmed while in Kenya.  This evidence was insufficient to compel a reasonable

factfinder to determine that Odhiambo suffered past persecution. *See Abdel-Masieh v. INS*, 73 F.3d 579, 583–84 (5th Cir. 1996) (our court saw no error when the BIA found beatings during unfounded arrests did not constitute past persecution because they were not severe and the arrests were seemingly random). Odhiambo offers no additional evidence of past persecution. The challenge to the BIA's determination that Odhiambo did not suffer past persecution is without merit.

Absent evidence of past persecution, an alien must establish a well-founded fear of future persecution by showing a subjective fear of persecution that is also objectively reasonable to obtain asylum. *See Zhao v. Gonzales*, 404 F.3d 295, 306–07 (5th Cir. 2005). An applicant for withholding of removal bears the burden to demonstrate that it is "more likely than not" that his or her life or freedom would be threatened by persecution. *Efe*, 293 F.3d at 907 (quoting 8 C.F.R. § 208.16(c)(2)). The substantial evidence in the record supports the BIA's determination that petitioners have not shown a likely future threat to life or freedom if they return to Kenya.

The Odhiambos also challenge the BIA's denial of relief under the CAT. To obtain relief under the CAT, an applicant must demonstrate, *inter alia*, that it is "more likely than not" that he or she would be tortured if he or she returned to his or her home country. *Zhang*, 432 F.3d at 344–45 (quoting *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002)). The substantial evidence in the record does not show that it is more likely than not that the petitioners will be subject to torture if they return to Kenya.

DENIED.